UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELA JORDAN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-2144(RMU) |
| COURT SERVICES AND OFFENDER | ) |
| SUPERVISION AGENCY, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, defendants, Paul Quander, Director, Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"), and CSOSA, by and through their undersigned counsel, respectfully move this Court to dismiss the above-captioned Complaint.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.  A proposed Order, consistent with the relief requested in this motion, is also attached hereto.

Date Filed: December 5, 2005    Respectfully Submitted,

/s/ Kenneth L. Wainstein /dch
_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ R. Craig Lawrence

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C. 20530
Ph: (202) 307-0492

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CONSUELA JORDAN,                     ) | |
|                                ) | |
|      Plaintiff                   ) | |
|                                ) | |
|     v.                          ) | Civil Action No. 05-2144(RMU) |
| COURT SERVICES AND OFFENDER   ) | |
|   SUPERVISION AGENCY, et al.,    ) | |
|                                ) | |
|      Defendants.          ) | |
| _____) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FEDERAL DEFENDANTS' MOTION TO DISMISS**

**I.    BACKGROUND**

Pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, federal defendants Paul Quander, Director, Court Services Offender Supervision Agency for the District of Columbia ("CSOSA"), and CSOSA move to dismiss this suit for lack of subject matter jurisdiction, lack of jurisdiction over defendants, and failure to state a claim upon which relief can be granted.

In her complaint, it appears that plaintiff is alleging that she was subjected to discrimination (i.e., lying and threats) based on her status as a graduate of the University of the District of Columbia. See Compl. Plaintiff also alleges that her car was ticketed, and claims that she was threatened by Maryland students who were apparently jealous of plaintiff's skin tone. Id. These Maryland students also allegedly had a long standing

animosity towards plaintiff related to basketball (apparently someone has "game" and someone does not).  Id.  Plaintiff seeks $8.5 million.

Yet, the complaint is entirely unclear as to any legally cognizable wrongdoing on the part of the federal defendants.  Accordingly, on this basis alone, the complaint should be dismissed for failure to state a claim upon which relief can be granted.  Additionally, to the extent plaintiff is suing pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. for discrimination, her claims must be dismissed because there is no indication that she exhausted her administrative remedies as required by applicable regulation.  Additionally, educational background does not constitute a protected class for purposes of sustaining a claim under the statute.  Further, it is highly unlikely that matters related to basketball (i.e., who has "game") and ticketing of her auto have any causal connection to or affect the terms and conditions of plaintiff's employment.  Plaintiff does state that she received "numerous threats" with regard to her EEO complaint from defendant Robin Gant but does not establish that Ms. Gant is a CSOSA employee for purposes of maintaining a cognizable claim against the federal defendants.  Accordingly, plaintiff fails to establish a claim under Title VII for multiple reasons.

Finally, to the extent that plaintiff's complaint is construed as encompassing a tort claim (i.e., the purported threats), her suit should be dismissed because the United States is the only appropriate defendant for a suit in tort brought against the federal government

and plaintiff does not establish that she exhausted her administrative remedies as required by the Federal Tort Claims Act. See 28 U.S.C. § 1346(b), 2671-2680. Thus, her Complaint should be dismissed for lack of jurisdiction over the person as well as for failure to state a claim. Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

## II.     STANDARD OF REVIEW

### A.     Dismissal for Lack of Subject Matter Jurisdiction (Fed. R. Civ. P. 12(b)(1))

"A motion under 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" Gardner v. U.S., No. CIV. A. 96-1467EGS, 1999 WL 164412, *2 (D.D.C. Jan. 29, 1999), aff'd, 213 F.3d 735 (D.C. Cir. 2000) and cert. denied, 531 U.S. 1153 (2001), quoting, Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir.1987). Specifically, "subject matter jurisdiction deals with the power of the court to hear [a] plaintiff's claims in the first place, and therefore imposes upon courts an affirmative obligation to ensure that they are acting within the scope of their jurisdictional power." 4 Wright & Miller: Federal Prac. & Proc. § 1350 (R12)(2002 Supplement).

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) in two ways. First, the court may determine the motion based solely on the complaint. Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992). Alternatively, to determine the existence of jurisdiction, or lack thereof, a court may look beyond the allegations of the complaint, consider affidavits and other extrinsic information, and ultimately weigh the conflicting evidence. See id.

**B.     Dismissal for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))**

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") should be granted if the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).  Though the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal conclusions cast in the form of factual allegations. Id.

**III.    ARGUMENT**

   **A.     Plaintiff Fails to State a Claim Against the Federal Defendant.**

A complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted.  District of Columbia v. Air Florida, Inc., 750 F.2d 1077, 1078 (D.C. Cir. 1984).  Accordingly, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, a patently insubstantial complaint may be dismissed for want of subject-matter jurisdiction.  See, Neitzke v. Williams, 490 U.S. 319, 327 n.6 (1989); see also, Best v. Kelly, 39 F.3d 328, 331 n.5 (D.C. Cir. 1994)(Complaints may be dismissed under Rule 12(b)(1) for complaints resting on truly fanciful factual allegations.); Carone- Ferdinand v. Central Intelligence Agency, 131 F.Supp.2d 232, 234 (D.D.C. 2001).

A complaint may also be dismissed under Rule 12(b)(6) of the Federal Rules for failure to provide a cognizable legal claim. Slaby v. Fairbridge, 3 F.Supp.2d 22, 27 (D.D.C. 1998). Though pro se complaints, like the one here, are held to a less exacting scrutiny than pleadings drafted by attorneys, pro se plaintiffs nevertheless, like any other, must present a claim upon which relief can be granted by the court. Id. Indeed, when the district court views a plaintiff's complaint as legally frivolous, the proper course is to grant defendant's Rule 12(b)(6) motion, or indeed, to dismiss the complaint sua sponte. Best, 39 F.3d at 331 (D.C. Cir. 1994).

Plaintiff here asserts no jurisdictional or factual basis to support a claim against the federal defendants. Her claims appear to focus on jealousy, lying and threats related to plaintiff's status as a graduate of the University of the District of Columbia (two degrees), ticketing of her auto, and threats regarding her EEO complaints from an individual who does not appear to be a CSOSA employee. Plaintiff alleges no specific legally cognizable wrongdoing on the part of defendants Quander or CSOSA warranting further judicial review of her claims. Given such, even under the generous standard afforded to pro se litigants as discussed above, plaintiff's complaint should be dismissed with prejudice.

### B.  Plaintiff's Claims Are Subject to Dismissal to the Extent Construed as Jurisdictionally Brought Pursuant to Title VII.

"Title VII makes it unlawful for an employer 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'" Christopher v. Billington, 43 F.Supp.2d 39 (D.D.C. 1999), quoting, 42 U.S.C. § 2000e-2(a)(1).  Clearly, educational status is not a protected class under the statute.  Thus, to the extent that plaintiff is alleging that she was subjected to discrimination based on her status as a graduate of the University of the District of Columbia, her allegations are barred for failure to state a claim.  Plaintiff's allegations - at least those that can generously be construed against the federal defendants - apparently relate to her automobile being ticketed, threats based on her educational background, and jealousy over basketball.  However, plaintiff does not allege that these actions are connected to the "compensation, terms, conditions, or privileges" of her employment. See Brown v. Brody, 199 F.3d 446, 453 (D.C. Cir. 1999)(To state a discrimination or retaliation claim under Title VII, a plaintiff must demonstrate that he or she has suffered "materially adverse consequences affecting the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that the plaintiff has suffered objectively tangible harm.")  Accordingly, her allegations should be dismissed on this basis as well.

Additionally, there is no indication that plaintiff exhausted her administrative remedies as required by Title VII. It is well-settled that a federal employee is prohibited from filing a civil action in United States District Court under Title VII unless and until she has exhausted administrative remedies. See e.g., Bayer v. U.S. Department of Treasury, 956 F.2d 330, 332 (D.C. Cir. 1992); Zografov v. Veterans' Administration Medical Center, 779 F. 2d 967, 968-70 (4th Cir. 1985); 42 U.S.C. s 2000e-16(c). The administrative remedies exhaustion requirement is mandatory. Albritton v. Kantor, 944 F. Supp. 966, 970 (D.D.C. 1996).

The exhaustion requirement "is satisfied if (1) there is a reasonable relationship between the allegations in the EEO charge and the civil complaint; and (2) the civil claim can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." Mack v. Strauss, 134 F.Supp.2d 103, 109 (D.D.C. 2001). As a requirement of exhaustion, a plaintiff must initiate contact with an EEO counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of a personnel action, within 45 days of the effective date of the action. 29 C.F.R. 1614(a)(1); see also Williams v. Chertoff, No. Civ. A. 05-211(RCL), 2005 WL 3200794, *2 (Nov. 1, 2005); Robinson v. Chao, -- F.Supp.2d --, 2005 WL 3211738, *2 (D.D.C. Oct. 28, 2005); James v. England, 332 F.Supp.2d 243-44 (D.D.C. 2004). This forty-five day regulation acts as a statute of limitations which can be tolled for equitable reasons. Id. at 244. A plaintiff must plead and prove any equitable reasons for failing to meet Title VII filing requirements,

Allbritton v. Kantor, 944 F. Supp. 966, 971 (D.D.C. 1996)(citing Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 94-95 and Saltz v. Lehman, 672 F.2d 207, 209 (D.C. Cir. 1982)), and tolling of the filing requirements is only granted for good cause, James, 332 F.Supp.2d at 244.

Here, plaintiff does not establish that she exhausted her administrative remedies related to her discrimination claims prior to filing this suit. Accordingly, to the extent that she has failed to do so, her discrimination claims should be dismissed.

  **C. Plaintiff's Claims Are Barred By Sovereign Immunity and the Exhaustion Requirements of the Federal Tort Claims Act.**

Sovereign immunity bars all suits against the United States except in accordance with the explicit terms of a statutory waiver of such immunity. Hercules v. United States, 516 U.S. 417, 422-423 (1996); United States v. Mitchell, 445 U.S. 535, 538 (1980); United States v. Testan, 424 U.S. 392, 399 (1976); Fornaro v. James, 416 F.3d 63, 66 (D.C. Cir. 2005); Tri-State Hospital Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003); Cronauer v. United States, -- F.Supp.2d--, 2005 WL 2420521, *2 (D.D.C. Sept. 30, 2005); Macharia v. United States, 238 F.Supp.2d 13, 20 (D.D.C. 2002), aff'd, 334 F.3d 61 (D.C. Cir. July 11, 2003); Cox v. Secretary of Labor, 739 F. Supp. 28, 30 (D.D.C. 1990). Because a waiver of sovereign immunity must be strictly construed in favor of the sovereign, a waiver of sovereign immunity "is to be read no more broadly than its terms require." Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 712 (D.C.Cir.

1997). Additionally, "any ambiguities in the statutory text must be resolved in favor of immunity." United States v. Williams, 514 U.S. 527, 531 (1995). For example, to sustain a claim for monetary damages against the United States, the waiver of sovereign immunity "must extend unambiguously to such monetary claims." Flatow v. Islamic Republic of Iran, 74 F.Supp.2d 18, 20-21 (D.D.C. 1999), quoting United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992). In short, sovereign immunity operates as a jurisdictional bar to suit without an otherwise explicit waiver of such immunity by the United States. See Flatow, 74 F.Supp.2d at 21.

Even if one liberally construes plaintiff's complaint as stating a claim against the federal defendant based on alleged threats, the only possible jurisdictional basis for this claim would be under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. The FTCA operates as a limited waiver of sovereign immunity allowing, at least for certain claims and under specific circumstances, the United States to be sued for torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see also, Eagle-Picher Industries, Inc. v. U.S., 937 F.2d 625, 627-628 (D.C. Cir. 1991).

As an initial matter, however, the FTCA does not allow suits to be brought against its agencies or federal employees acting within the scope of their official duties. 28 U.S.C. § 2679(a); see also Vanover v. Hantman, 77 F.Supp.2d 91, 97 (D.D.C. 1999)("Section 2679...gives federal employees absolute immunity from tort liability for

9

acts done in the scope of their employment."); Cox v. Secretary of Labor, 739 F. Supp. 28, 29 (D.D.C. 1990) (suit against the Secretary of Labor rather than the government itself must be dismissed for lack of subject matter jurisdiction) (citing numerous cases); Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988) ("an FTCA claim against a federal agency or employer as opposed to the United States itself must be dismissed for want of jurisdiction");  Hagmeyer v. Department of Treasury, 647 F. Supp. 1300, 1304-05 (D.D.C. 1986) (dismissing FTCA claim against the Department of Treasury).  Only the United States is subject to suit under this statute.  Therefore, dismissal of plaintiff's Complaint against Paul Quander and CSOSA is warranted.

Plaintiff may have a second insurmountable jurisdictional hurdle based on her allegation that she was threatened.  To the extent that plaintiff is alleging that she was threatened with physical force, her claim is barred by the United States' sovereign immunity.  The United States has not consented to be sued for claims based on assault unless committed by a law enforcement officer acting within the scope of his employment.  See 28 U.S.C. § 2680(h).  An assault is defined as "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff." Etheredge v. District of Columbia, 635 A. 2d 908, 916 (D.C. 1993).   Accordingly, plaintiff's claim based on purported threats might be barred on grounds of sovereign immunity to the extent construed as falling within the definition of "assault" for which sovereign immunity has not been waived.

Finally, the FTCA has certain conditions that must be met in order for a party to bring suit against the United States. Absent full compliance with these conditions, this Court lacks jurisdiction to entertain tort claims against the United States. GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987). One such condition is contained in 28 U.S.C. § 2675(a) which states:

> An action shall not be instituted upon a claim against the United States for damages for injury or loss of property or personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency ....

The courts have uniformly held that the filing of a claim pursuant to 28 U.S.C. § 2675(a) is a jurisdictional prerequisite to filing an action pursuant to the FTCA. See McNeil v. U.S., 508 U.S. 106, 111 (1993)("The command that an 'action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous."); GAF Corp., 818 F.2d at 919; Bowden v. U.S., 106 F.3d 433 (D.C.Cir. 1997); Buss v. United States, No. 96-5138, 1997 WL 195522, at *1 (D.C. Cir. March 5, 1997); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997); Brug v. National Coalition for Homeless, 45 F.Supp.2d 33, 44 (D.D.C. 1999). Moreover, a plaintiff cannot cure her jurisdictional defect by exhausting administrative remedies after filing her complaint. McNeil, 508

U.S. at 112 (1993). Plaintiff's Complaint does not reflect that she has presented an administrative tort claim to CSOSA. Thus, it appears that she has failed to meet a jurisdictional requirement to filing this lawsuit, i.e., exhaustion of administrative remedies. Accordingly, to the extent her complaint is construed as encompassing tort claims, plaintiff's suit is subject to dismissal on exhaustion grounds.

## IV.   CONCLUSION

For reasons stated herein, defendant requests that the Court dismiss plaintiff's Complaint with prejudice.

Date filed: December 5, 2005      Respectfully Submitted,


/s/ Kenneth L. Wainstein /dch

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney


/s/ R. Craig Lawrence

_____
R. CRAIG LAWRENCE, D.C. BAR # 171538
Assistant United States Attorney


/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL, DC Bar #454257
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia,
 Civil Division
555 4th Street, N.W., Rm. E-4915
Washington, D.C.  20530
Ph:  (202) 307-0492

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that service of <u>Federal Defendants' Motion to Dismiss</u> was made by the Court's Electronic Case Filing System and by first class, postage prepaid mail, this <u>5th</u> day of December, 2005 to:

Consuelo Jordan
2227 First Street, NW
Washington, DC 20001

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney